MERCHANTS AND FARMERS BANK *v.* W. T. SMITH.

[64 South. 970.]

1. EVIDENCE. *Parol evidence. Bills and notes. Defenses. Corporations. Actions. Pleading. Trial. Amendment.*
   In a suit on a promissory note where there are no contractual provisions in the note relative to its consideration, parol evidence is admissible to show a failure of consideration.

2. CORPORATIONS. *Actions. Pleading.*
   In a suit on a promissory note for the purchase price of corporate stock, where the plea of the maker of the note sets up a breach by the payee, a bank, of its agreement to furnish the corporation with sufficient capital to carry on business, and that because of such breach the stock becomes worthless, it was not material for the plea to deny the reception of the money represented by the note, by the maker.

3. PLEADING. *Amendment. Trial.*
   It is proper for the court to allow defendant to amend his plea after the evidence was introduced where such amendment in no way prejudiced plaintiff's cause.

APPEAL from the circuit court of Union county.
HON. H. K. MAHON, Judge.

Suit by Merchants & Farmers Bank against W. T. Smith. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Jones & Knox* and *C. A. Bratton,* attorneys for appellant.

*H. D. Stephens* and *R. H. & J. H. Thompson,* attorneys for appellee.

Argued orally by *C. A. Bratton,* for appellant, and *R. H. Thompson,* for appellee.

Reed, J., delivered the opinion of the court.

This is an action on a promissory note made by appellee, payable to appellant, and being for two thousand dollars, with interest from date, and attorneys fees. The note was given in the purchase by appellant of preferred stock in the New Albany Clothing Manufacturing Company to the amount of two thousand dollars.

Appellee filed the plea of general issue to the declaration. He also filed a special plea, which we quote in full: "Defendant, W. T. Smith, for further and special plea in this behalf says that the plaintiff should not have and recover from him in this action, because he says that at the time of the execution of said note, and as an inducement for defendant to sign the same, it was agreed by and between plaintiff or its authorized agents and this defendant that if defendant would subscribe for stock in the New Albany Clothing Manufacturing Company that plaintiff would advance him the money to pay for the said stock, and that in order that said company might continue in business that plaintiff would advance and furnish money to defray the operating expenses of said company, and defendant refused to sign said note until it was definitely and finally understood that said bank, for the purpose of paying the operating expenses aforesaid, would advance to the company eighty per cent. of the face value of the accepted credit invoices given for goods sold by the company to its customers. All the aforesaid was understood and agreed upon and constituted the true consideration of this note; but defendant avers that plaintiff failed and refused to carry out its part of said agreement, on account of which failure and refusal the said company was forced to cease business, and the said stock became, and is now, wholly worthless, and that said conduct in refusing to so advance money constituted a complete failure of the consideration of said note."

A demurrer was filed to this plea, and the following causes assigned:

" (1)   Because said plea seeks to vary the terms of the written contract by parol evidence.

" (2)   Because the written contract sued on expresses the real agreement between the parties, and cannot be varied by parol.

" (3)   Because said plea seeks to set up a breach of the verbal contract to vary the terms of the written contract sued on.

" (4)   Because said plea does not show that defendant did not receive from plaintiff the amount of money mentioned in said note sued on."

The trial court did not err in overruling the demurrer. None of the grounds are well taken.

The plea does not seek to vary the terms of the written contract, the note, by parol evidence. There are no contractual provisions in the note relative to its consideration. The plea presents the defense of failure of consideration. Parol evidence is admissible in such inquiry.

The plea is not based upon the appellant's failure to pay the amount named, but on its failure to carry out its agreement. It was not material for the plea to deny the reception of the money.

The court's action in permitting appellee to amend his special plea after the evidence was introduced by inserting the word "accepted" before the words "credit invoices" is assigned as error. It was proper for the court to allow this amendment. It in no way prejudiced appellant's cause.

There is sufficient evidence to sustain the verdict of the jury in favor of appellee, and we find no error in the record for reversal.

*Affirmed.*